The **UNITED STATES** of America and **Max C. Weaver, Special Agent, Internal Revenue Service, Petitioners,**

v.

**Robert A. KLECKNER and Ben H. Logan, Respondents.**

**Civ. No. 3353.**

United States District Court
S. D. Ohio, W. D.
April 27, 1967.

Mitchell Rogovin, Asst. Atty. Gen., Fred B. Ugast, David H. Hopkins, Jr., Attorneys—Department of Justice, Washington, D. C., Robert M. Draper, U. S. Atty., Roger Makley, Asst. U. S. Atty., for plaintiff-appellant.

Irvin Harlamert, of Harshman, Young, Colvin & Alexander, Dayton, Ohio, for defendant-appellee.

## ORDER

WEINMAN, Chief Judge.

■ This matter is before the Court upon a petition to enforce Internal Revenue summonses. The Court issued show cause orders to respondents Robert A. Kleckner and Ben H. Logan. Thereafter, the Court held a hearing on this matter and testimony was taken. As a result of that hearing, the Court finds that there was an agreement between Kleckner and Logan that all of the relevant papers (as described in the summons) were to be the property of Logan; therefore, Kleckner cannot be required to produce the papers in question since he is not the owner of those papers. Further, the Court notes that the review of Mr. Logan's tax returns has been assigned to Max Weaver, Special Agent, Intelligence Division. The purpose of these subpoenas cannot be said to be the obtaining of financial records relevant to a civil proceeding for the collection of income tax; the discovery is directed toward the obtaining of information for the filing of a criminal action. The Court would be naive to come to any other conclusion. Therefore, Logan cannot be required to produce the papers because of his privilege against self incrimination.

See the recent decision of the Court of Appeals for the Sixth Circuit involving two consolidated cases. Hinchcliff v. Clarke and United States of America v. Graf, 371 F.2d 697 (1967). In that decision, the Court of Appeals reversed a district judge's denial of enforcement of an Internal Revenue Service summons addressed to an accountant. But note that that case (United States of America v. Graf) did not have the criminal overtones of the instant case. Note further the following language from the decision at page 701:

"By brief and at oral argument the IRS seeks to assure this court (as it did the District Judge) that its investigation in the Hinchcliff matter has no purpose of possible criminal prosecution. It may be that such prosecution is effectively barred by the statute of limitations, as suggested by the IRS brief. However this may be, our decision in this case is squarely planted upon the representation made to us. Hence, no information secured as a re-

sult of this decision may be employed in any criminal prosecution."

Accordingly, the Court denies enforcement of the subpoenas against Robert A. Kleckner and Ben H. Logan.